# Richmond.

### Boer War Spectacle v. Commonwealth.

#### January 16, 1908.

1. Taxation—*License Tax—Scenic Performances—How Classed.*—A panoramic reproduction of the battles of the Boer war, with scenery of the war country and military and other equipments like those seen in the battle portrayed, unaccompanied by circus rings, trapeze acting, clowns or a menagerie, is not subject to the high license tax imposed upon "shows, circuses and menageries" mentioned in chapter 148 of Acts 1902-3, but to the lower tax imposed by said Act. upon theatrical and other similar performances. The fact that the price of admission is the same as that charged by "circuses and other first class shows" is immaterial.

Error to a judgment of the Circuit Court of Henrico county, upon a petition to correct an alleged erroneous assessment of a license tax. To a judgment refusing to correct said assessment, the petitioner assigns error.

*Reversed.*

The opinion states the case.

*Page & Leary,* for the plaintiff in error.

*Attorney-General Wm. A. Anderson,* for the commonwealth.

Harrison, J., delivered the opinion of the court.

The only issue in this case is whether the plaintiff is liable for the assessment of a license tax under section 109 of the

revenue or tax bill, found in chapter 148 of acts of the General Assembly, 1902-3, pp. 205-6, or whether its liability for a license tax is under section 106 of such tax bill.

Section 109, under which the assessment was made, provides for the assessment of licenses to "Shows, Circuses and Menagaries;" and stipulates for the payment of one hundred dollars for each performance of such show, circus or menagerie, if within a city, or within five miles of a city, of more than ten thousand inhabitants; and in addition thereto an amount equal to five *per cent.* of the gross receipts derived from such show, circus or menagerie. Section 106, under which the plaintiff in error claims to have been properly assessable with license, provides for the assessment of licenses upon "every theatrical performance, or any performance similar thereto, panorama, or any public performance or exhibition of any kind, except for benevolent and charitable and educational purposes, there shall be paid three dollars for each performance, or ten dollars for each week of such performance."

There is nothing in the evidence to sustain the conclusion that the exhibition in question was a "circus or menagerie," or a "show" of like kind. On the contrary, the undisputed proof is that the Boer War Spectacle was a panoramic, spectacular and dramatic performance of the kind referred to in section 106 of the revenue law. The entertainment given by plaintiff in error consisted of panoramic reproductions of three of the battles of the Anglo-Boer War. These panoramas, or dramas, were reproduced with the scenery of the Boer War country, and military and other equipment as nearly as possible like those seen in the battles portrayed.

The commissioner of the revenue who made the assessment complained of testified that the performances consisted of the portrayal of battles and military maneuvres; that there were no circus rings, trapeze acting, wild beasts or clowns connected with the entertainment; and that his purpose, at first, was to

issue the plaintiff in error a license under section 106, but that later on, finding from the bill posters that it was a "Boer War Spectacle," and that it intended to charge the same admission as "circuses and first-class shows," he levied the license under section 109.

Because the plaintiff in error charged the same admission fee exacted by a circus or other first-class show, furnished no warrant for assessing it as if it were a circus, menagerie or show of like kind. The testimony of this witness shows that the exhibitions under consideration embraced no feature of a circus, menagerie or like show.

The plaintiff in error was clearly assessable with a license tax under section 106 of Ch. 148, Acts 1902-3, p. 205.

The judgment of the circuit court sustaining the assessment made under section 109 of that act must, therefore, be reversed, and the case remanded for final order in accordance with the views expressed in this opinion.

*Reversed.*